IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NEREIDA RAMOS,**

    Petitioner,

v.                                          Case No. 4:13cv419-WS/CAS

**J.V. FLOURNOY, Warden,**
**Federal Correctional Institution,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about July 23, 2013, Petitioner Nereida Ramos, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On November 11, 2013, Respondent filed an answer, with attachments. ECF No. 15. Petitioner filed a response on December 2, 2013. ECF No. 16.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner has not demonstrated

entitlement to relief under § 2241 and, accordingly, her petition should be denied.

## Background

On December 3, 2010, following her entry of a guilty plea, Petitioner Nereida Ramos was adjudicated guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and sentenced to 51 months in prison, followed by 3 years of supervised release, in case number 1:10cr20331, in the United States District Court for the Southern District of Florida, Miami Division.  *See* United States of America v. Ramos, 1:10cr20331, ECF Nos. 210 (judgment and sentence), 159 (plea agreement).  The court directed Ramos to surrender to the U.S. Marshal on February 4, 2011.  *Id.* at 2. Ramos thereafter filed several motions to extend her surrender, which the court granted; ultimately, she self-surrendered on October 17, 2011, to begin serving the prison portion of her sentence.  *Id.* ECF No. 301; *see id.* ECF Nos. 222 (motion), 228 (order), 272 (motion), 274 (order), 288 (motion), 289 (order), 294 (motion), 295 (order), 298 (motion), 300 (order denying motion for extension of surrender date and directing Ramos to surrender for service of her sentence on October 17, 2011).

On or about March 25, 2013, Ramos filed a letter, considered as a motion to reduce her sentence. *Id.* ECF No. 302. On June 7, 2013, the sentencing court denied the motion, adopting and incorporating by reference the Government's response. *Id.* ECF No. 305; *see id.* ECF No. 304.

As indicated above, Ramos filed this § 2241 petition on July 23, 2013, while incarcerated at the Federal Correctional Institution in Tallahassee, Florida. ECF No. 1. She cites U.S.S.G. § 5C1.(3) and seeks credit for time served "on house arrest" from December 3, 2010 (her sentencing date), until October 17, 2011 (when she surrendered to serve the prison portion of her sentence). *Id.* at 3, 6-8. She indicates she has not exhausted her administrative remedies. *Id.* at 3.

Respondent filed an answer, with attachments. ECF No. 15. Respondent argues the § 2241 petition should be dismissed because Ramos has not exhausted her administrative remedies. *Id.* at 1, 3-4. Respondent further argues, even assuming Ramos had exhausted her administrative remedies, the BOP properly calculated her sentence in accordance with BOP policy. *Id.* at 4-5. Respondent explains that Ramos

was released on bond during the time period at issue and, as a result, was not in "official detention." *Id.* at 5.

In her reply, Ramos argues that while on bond, her freedom was limited as she "was placed on house arrest, was on a curfew from 6 a.m. – 9 p.m., had to wear a leg monitor, report to probation officer as well as the probation officer made frequent visits to her home and job." ECF No. 16 at 1. She states she was not able to be with her father, who "passed away in the home next door" or attend his funeral; she "was confined at home which makes it official detention." *Id.* at 1-2. She cites BOP Program Statement 5880.20, titled "Official Detention," and argues she "was under a federal detention order when placed on house arrest." *Id.* at 2.

According to the website for the Federal Bureau of Prisons, Petitioner Ramos was released on July 31, 2015. *See* www.bop.gov. Because she is now presumably serving the supervised release portion of her sentence, this case does not appear moot. *See* Dawson v. Scott, 50 F.3d 884 n. 2 (11th Cir. 1995) (disagreeing with Government's argument that appeal from denial of § 2241 petition was moot because Dawson had since been released from federal custody and explaining: "Dawson is still serving his term of supervised release, which is part of his sentence and involves

some restrictions upon his liberty.  Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot."); Mitchell v. Middlebrooks, 287 F. App'x 772, 774-75 (11th Cir. 2008) (relying on Dawson and holding § 2241 petition not moot, even though petitioner released during pendency of petition in district court, because of possibility petitioner could receive reduce or modified term of supervised release from sentencing court if successful in habeas proceeding: "Mitchell filed his § 2241 petition while he was still a federal prisoner and his petition alleged that he was being forced to serve too much time in prison.  As in Dawson, Mitchell was released from prison and began serving his supervised release during the pendency of the action. The fact that he was released from prison, however, does not by itself render Mitchell's petition moot because, as in Dawson, the supervised release he is currently serving 'is part of his sentence and involves some restrictions upon his liberty.' Dawson, 50 F.3d at 886 n.2.  Moreover, although Mitchell's original petition requested release, he has since asked for permission to modify the request for relief to include the termination of his supervised release.  Success for Mitchell in his § 2241 petition could, therefore, 'alter the supervised release portion of his sentence.' *Id.*").

Case No. 4:13cv419-WS/CAS

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  See United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See Hayman, 342 U.S. at 212–14, 218.

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See Antonelli

Case No. 4:13cv419-WS/CAS

v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging BOP's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Ramos' § 2241 petition challenges the execution, or calculation, of her sentence. Specifically, she takes issue with the decision of the BOP not to allow her credit for time between the imposition of her sentence in December 2010 and October 17, 2011, the date she self-surrendered and began serving the prison portion of her sentence,

The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F. 3d 745, 747 (11th Cir. 1995). A federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* § 3583(b) (emphasis added).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and

statutory construction. *See* Rodriguez, 60 F. 3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-43 (1984)). If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting Chevron, 467 U.S. at 844).

As both Petitioner and Respondent indicate, Ramos did not pursue her administrative remedies by seeking relief through the BOP. ECF No. 1 at 3; ECF No. 15 at 4. The Eleventh Circuit Court of Appeals has recently held, however, in Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015), that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, overruling its earlier decision in Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992), relied on by Respondent. The court explained that exhaustion of administrative remains a requirement, "it's just not a jurisdictional one." Santiago-Lugo, 785 F.3d at 475.

> What its non-jurisdictional nature means is that a court need
> not inquire into exhaustion on its own. A court has the
> discretion to accept or reject a concession from the respondent

that administrative remedies have been exhausted. And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.

*Id.* at 475 (citations omitted).

On the merits, Petitioner Ramos is not entitled to relief. *See* <u>Dawson v. Scott</u>, 50 F.3d 884 (11th Cir. 1995). The Eleventh Circuit has explained:

> Although the language differs in section 3568 [which provided that "[t]he Attorney General shall give any . . . person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed"] and present section 3585(b), the majority of circuits that have considered the issue have determined that "the term 'custody' under § 3568 has the same meaning as the phrase 'official detention' under § 3585.". . .
>
> Interpreting section 3568, the Former Fifth Circuit held that "custody" is "characterized by incarceration," and that credit against a federal sentence does not accrue "until the prisoner is received at the place of imprisonment." The Former Fifth Circuit also determined that a presentence convict's time on a "highly restricted bond" was not "custody" under section 3568 because it was not incarceration.

*Id.* at 887-88 (citations and footnotes omitted). The Eleventh Circuit held that a § 2241 petitioner was not entitled to sentence credit for time spent confined in a halfway house, explaining:

> Dawson was confined to the premises of the halfway house at night only. During the day, he was to work at a job or to seek employment. Such liberty is markedly different from custodial incarceration in a penitentiary. See United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990) (holding that confinement "subject to a defendant's being released to go to work, cannot possibly be equated with an equivalent period of imprisonment"). Thus, we have joined other circuits that have determined that **custody or official detention time is not credited toward a sentence until the convict is imprisoned, and that release stipulations or imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention**.

*Id.* at 888 (footnote omitted; emphasis added). The court further explained:

> [A]t the time pertinent to Dawson's sentence, the BOP, as the administering agency, specifically had determined that *release* on bail or bond, despite the conditions, was *not creditable* toward a sentence, but that incarceration time was creditable. At the first appearance of a criminal defendant before a judicial officer after arrest, the defendant is either detained or released, with or without conditions. 18 U.S.C. § 3142(a). Dawson's case exemplifies both possibilities and the resulting sentence credit consequences. When he was arrested, Dawson was officially imprisoned or detained, for which he received credit against his sentence. Subsequently, he was released on bond to a halfway house and, later, to a safe house, for which he alleges that he improperly did not receive sentence credit. The fact that Dawson did not have a home to which he could be released on bond and, thus, had to reside in a halfway house is inconsequential with regard to sentence credit. "[C]onfinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or a psychological sense." [United States v.] Zackular, 945 F.2d [423,] 425 [(1st Cir. 1991)]. For confinement purposes, a federal criminal defendant may be in one of two states: released or detained. It is

> Dawson's *release status* during the time that he was in halfway and safe houses, rather than official detention, that is determinative as to sentence credit.

*Id.* at 890-91 (footnotes omitted). *See* Reno v. Koray, 515 U.S. 50, 53 (1995) (holding that time spent by prisoner at community treatment center while released on bail pursuant to Bail Reform Act, before commencement of his federal sentence, was not "official detention" and thus prisoner not entitled to sentence credit under § 3535(b)); Steeples v. Augustine, No. 4:07cv384-MP/WCS, 2008 WL 660335, at *2 (N.D. Fla. Mar. 7, 2008) (rejecting § 2241 petitioner's argument that she was entitled to sentence credit for 17 months spent in home detention after conviction, 3 months of which were after sentencing).

   Respondent has attached the affidavit of Alan Ray, Management Analysis, Designation and Sentence Computation Center, Federal BOP. ECF No. 15-1.  The affidavit indicates that Ramos' sentence commenced on October 17, 2011, the day she surrendered herself to federal custody. *Id.* at 2.  Further, the time she spent on bond from December 3, 2010, through October 17, 2011, does not meet the criteria for "official detention" and, as a result, BOP did not credit it against her sentence.  *Id.*  "Because the BOP's construction is 'permissible,' 'reasonable,' and not an 'arbitrary,

capricious, or manifestly contrary' statutory interpretation, we must defer to it." Dawson, 50 F.3d at 891 (quoting Chevron, 467 U.S. at 843).

## Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 15, 2015.

> S/   Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**